TRIVELLA & FORTE, LLP
*Attorneys for the Plaintiffs*
1311 Mamaroneck Avenue, Suite 170
White Plains, NY 10605
(914) 949-9075

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------------------x
THOMAS GESUALDI, LOUIS BISIGNANO, DARIN JEFFERS, MICHAEL O'TOOLE, MICHAEL BOURGAL, FRANK H. FINKEL, JOSEPH A. FERRARA, SR., MARC HERBST, DENISE RICHARDSON, and THOMAS CORBETT as Trustees and fiduciaries of the Local 282 Welfare Trust Fund, the Local 282 Pension Trust Fund, the Local 282 Annuity Trust Fund, the Local 282 Job Training Trust Fund, and the Local 282 Vacation and Sick Leave Trust Fund,

Case No.: 18-CV-851

**COMPLAINT**

Plaintiffs,

-against-

ZERO BELOW TRUCKING, CORP.

Defendant.
------------------------------------------------------------------------------x

Plaintiffs Thomas Gesualdi, Louis Bisignano, Darin Jeffers, Michael O'Toole, Michael Bourgal, Frank H. Finkel, Joseph A. Ferrara, Sr., Marc Herbst, Denise Richardson, and Thomas Corbett as Trustees and fiduciaries of the Local 282 Welfare Trust Fund, the Local 282 Pension Trust Fund, the Local 282 Annuity Trust Fund, the Local 282 Job Training Trust Fund, and the Local 282 Vacation and Sick Leave Trust Fund, (collectively, the "Funds"), for their Complaint, by their attorneys Trivella & Forte, LLP, allege as follows:

**INTRODUCTION**

1.      This is an action by the Trustees and fiduciaries of employee benefit plans for injunctive and monetary relief, plus interest, liquidated damages, attorneys' fees and costs under Sections 502 and 515 of the Employee Retirement Income Security Act of 1974 ("ERISA"), 29

1

U.S.C. §§ 1132 and 1145, as amended by the Multiemployer Pension Plan Amendments Act of 1980, 29 U.S.C. §§ 1381, *et seq*. ("MPPAA"), and Section 301 of the Labor Management Relations Act of 1947 ("LMRA"), 29 U.S.C. § 185.

2. This action arises from (i) the failure and refusal of Defendant ZERO BELOW TRUCKING, CORP. (ZERO BELOW) to submit payment for self-reported unpaid contributions and attendant damages for the period April 2016, June 2016 through October 2016, December 2016 through March 2017 as required by ERISA, the Trust Agreement governing the Funds, and the applicable collective bargaining agreement, (ii) to submit remittance reports and contributions for the period April 2017 to the present as required by ERISA, the Trust Agreement governing the Funds, and the applicable collective bargaining agreement, and (iii) Defendant's failure to pay contributions found due and owing pursuant to several audits of its books and records.

## JURISDICTION AND VENUE

3. This Court has jurisdiction over this action pursuant to Sections 502(e), 502(f), 515 and 4301(c) of ERISA, 29 U.S.C. §§ 1132(e), 1132(f), 1145, and 1451(c).

4. Venue lies in this District pursuant to Sections §§ 502(e)(2) and 4301(d) of ERISA, 29 U.S.C. §§ 1132(e)(2) and 1451(d), as the Funds are administered in this District.

## PARTIES

5. Plaintiffs are Trustees and fiduciaries of the Funds and, collectively, are the "plan sponsor" within the meaning of Section 3(l6)(B)(iii) of ERISA, 29 U.S.C. § 1002(16)(B)(iii). The Trustees are fiduciaries of the Funds, as defined in Section 3(21)(A) of ERISA, 29 U.S.C. § 1002(2l)(A).

6. The Funds are "employee benefit plans" and "multiemployer plans" within the meaning of Sections 3(3) and 3(37) of ERISA, 29 U.S.C. § 1002(3) and § 1002(37) with their principal place of business at 2500 Marcus Avenue, Lake Success, New York 11042.

7. The Funds are jointly administered by a Board of Trustees, with equal representation of labor and management representatives in accordance with Section 302(c)(5) of the LMRA, 29 U.S.C. § 186(c)(5).

8. The Funds were established pursuant to the terms of various collective bargaining agreements between Building Material Teamsters Local 282 ("Local 282" or "Union"), a labor organization representing workers in an industry affecting commerce, and various employers, including ZERO BELOW, which are required to make contributions to the Funds on behalf of their workers covered by the collective bargaining agreements.

9. The Funds are maintained pursuant to the terms of the Amended and Restated Agreement and Declaration of Trust ("Trust Agreement"), which is incorporated by reference into the collective bargaining agreements. The Funds provide various pension, health and welfare, annuity, job training, vacation and sick leave, and legal services benefits to covered workers, retirees and their dependents.

10. The collective bargaining agreements and the Trust Agreement are plan documents within the meaning of Section 502(a)(3) of ERISA, 29 U.S.C. § 1132(a)(3). The Funds are third-party beneficiaries of the collective bargaining agreements.

11. Upon information and belief, ZERO BELOW at all times relevant to this action was and is, a New York domestic business corporation located, doing business, and having its principal place of business at 68 S Service Road, Ste 100, Melville, NY 11747.

12. Upon information and belief, ZERO BELOW is, and at all times relevant to this action has been, engaged in the transportation of building materials within, *inter alia*, the State of New York.

13. ZERO BELOW at all times relevant to this action was and is, an "Employer" within the meaning of Section 3(5) of ERISA, 29 U.S.C. § 1002(5), and Article I, Section 1 of the Trust Agreement.

## FACTUAL BASIS FOR CLAIMS

The Collective Bargaining Agreement, the Trust Agreement and
<u>the Obligations to Contribute to the Funds</u>

14. At all times relevant to this action, ZERO BELOW was and remains a signatory to a collective bargaining agreement with Local 282 (the "CBA").

15. At all times relevant to this action, ZERO BELOW agreed to be bound by the Trust Agreement, which is incorporated by reference into the CBA.

16. The CBA expressly provides that the Employer is bound to the Trust Agreement.

17. At all times relevant to this action, the CBA requires Employers, including ZERO BELOW, to submit remittance reports to the Funds which identify the employees who performed work covered by the CBA and to state the number of hours each such employee worked in covered employment.

18. Along with the remittance reports, the CBA also requires Employers, including ZERO BELOW, to remit contributions to the Funds on behalf of all employees who performed work covered by the CBA, at specified rates for each hour of covered employment, subject to certain limitations set forth in the CBA.

19. The Trust Agreement provides that if the Employer fails to remit contributions by the date due, the Employer is liable to the Funds for (i) the delinquent contributions; (ii) interest at

the rate of 1.5% per month (18% per year) from the first day of the month when the payment was due through the date of payment;[1] (iii) an amount equal to the greater of (a) the amount of interest charged on the unpaid contributions, or (b) liquidated damages in the form of 20 percent of the unpaid contributions; and (iv) the Funds' attorneys' fees and costs.

20. The Trust Agreement further requires an Employer to submit to periodic audits of its pertinent books and records. Specifically, Article IX, Section 1(d) of the Trust Agreement provides that "[t]he Trustees may at any time audit the pertinent books and records of any Employer in connection with" the Employer's contributions to the Funds.

21. Article IX, Section 1(d) of the Trust Agreement specifically defines "pertinent books and records" to include but not be limited to:

- (A) Payroll records, including payroll journals, time cards, print-outs, ledgers or any other form of payroll record;
- (B) Payroll tax records submitted to federal and state governments including Forms 941, and W-2;
- (C) Complete business income tax returns;
- (D) Cash disbursement records;
- (E) General ledgers;
- (F) Records relating to the hiring of trucks, including equipment vouchers, invoices and payment records; and
- (G) Any other records specifically requested by the Funds' auditors, including the classification of employees, their social security numbers, and the amount of wages paid and hours worked.

22. The Trust Agreement requires an Employer to submit its pertinent books and records to audit in order to verify that all contributions required under the CBA have been remitted to the Funds, that such contributions have been made solely on behalf of individuals eligible to participate in the Funds, and that covered workers are receiving the required benefits and/or credits.

---

[1] Pursuant to an Amendment to the Trust Agreement, effective May 1, 2013, interest is due on contributions "from the date when payment was due to the date when payment was made."

5

23. Where an audit discloses a delinquency, an Employer, in addition to paying the contributions identified as being owed, is required under Article IX, Section 3 of the Trust Agreement to pay interest on the amount of contributions due, plus liquidated damages, audit fees, attorneys' fees, and costs.

24. Article IX, Section 4 of the Trust Agreement, with the sanction of Section 502(a)(3) of ERISA, 29 U.S.C. § 1132(a)(3), authorizes the Trustees to bring actions to enforce an Employer's obligations to the Funds under its collective bargaining agreements with Local 282, including the obligation to make contributions to the Funds.

**Defendant's Failure to Pay Self-Reported Contributions**

25. ZERO BELOW submitted remittance reports to the Funds for the periods April 2016, June 2016 through October 2016, December 2016 through March 2017. ZERO BELOW failed to pay all of the contributions owed as set forth on said remittance reports and continues to owe contributions for said periods.

26. Despite due demand the amounts owed pursuant to the remittance reports for April 2016, June 2016 through October 2016, December 2016 through March 2017 remain due and owing.

**Amounts Owed Pursuant to Audit**

27. In accordance with ERISA and the Trust Agreement the Funds conducted several audits of the books and records of ZERO BELOW.

28. Audit #13-0755-A1, which was completed on or about October 14, 2014, revealed that Defendant owed at least $589.86 in unpaid contributions.

29. Audit #14-0960-A2, which was completed on or about October 14, 2014, revealed that Defendant owed at least $837.86 in unpaid contributions.

30. Audit #15-1029-A1, which was completed on or about April 20, 2016 revealed that Defendant owed at least $15,368.86 in unpaid contributions.

31. Audit #17-0168-A2 which was completed on or about March 29, 2017 revealed that Defendant owed at least $4,859.97 in unpaid contributions.

32. Audit #18-0184-A1 completed on or about January 10, 2018 revealed that Defendant owed at least $128, 728.51 in unpaid contributions.

**Failure to Submit Remittance Reports and Contributions to the Funds**

33. The Trust Agreement requires employers to submit remittance reports to the Funds.

34. ZERO BELOW has failed to submit remittance reports and contributions for the period April 2017 to the present.

35. Despite due demand to date, ZERO BELOW has failed and refused to submit the remittance reports and is therefore liable for the unpaid contributions and/or estimated contributions as determined by the methods set forth in the Trust Agreement, plus interest, liquidated damages and attorneys' fees and costs.

**Other amounts**

36. On information and belief, additional amounts may continue to become due and owing by the Employer to the Funds during the pendency of this action.

## AS AND FOR A FIRST CAUSE OF ACTION
## AGAINST DEFENDANT ZERO BELOW

37. Plaintiffs' repeat and reallege each and every allegation contained in paragraphs "1" through "36" as if fully set forth herein.

38. Section 515 of ERISA, 29 U.S.C. § 1145, requires "[e]very employer who is obligated to make contributions to a multiemployer plan under the terms of the plan or under the

7

terms of a collectively bargained agreement… [to] make such contributions in accordance with the terms and conditions of such plan or such agreement."

39. Section 502(a)(3) of ERISA, 29 U.S.C. § 1132(a) (3), provides that a civil action may be brought "by a participant, beneficiary, or fiduciary (A) to enjoin any act or practice which violates any provision of this title or the terms of the plan, or (B) to obtain other appropriate equitable relief (i) to redress such violation or (ii) to enforce any provision of this title or the terms of the plan."

40. Section 502(g)(2) of ERISA, 29 U.S.C. § 1132(g)(2), mandates that, "[i]n any action bought by a fiduciary on behalf of a Plan to enforce Section 515 in which a judgment in favor of the plan is awarded, the court shall award the plan:

    a. the unpaid contributions,
    b. interest on the unpaid contributions,
    c. an amount equal to the greater of-
        i. interest on the unpaid contributions, or
        ii. liquidated damages…in an amount not in excess of 20 percent of the [unpaid contributions],
    d. reasonable attorney's fees and costs of the action, to be paid by the defendant, and
    e. such other legal or equitable relief as the court deems appropriate…".

41. ZERO BELOW by failing to submit remittance reports and contributions as required by the CBA and the Trust Agreement and the Audits, has violated Section 515 of ERISA, 29 U.S.C. §1145, in that it has failed to make contributions in accordance with the terms of the plan documents of the Funds, thereby giving rise to an action under 502(a)(3) of ERISA, 29 U.S.C. § 1132(a)(3), and is, thus, subject to the remedies under Section 502(g) of ERISA, 29 U.S.C. § 1132(g) and the Trust Agreement.

42. ZERO BELOW is also required to pay interest on monies due, liquidated damages, audit fees, attorney's fees, and costs in accordance with Article IX, Section 3 of the Trust Agreement and Section 502(g) of ERISA, 29 U.S.C. § 1132(g).

## AS AND FOR A SECOND CAUSE OF ACTION
## AGAINST DEFENDANT ZERO BELOW

43. Plaintiffs repeat and reallege each and every allegation contained in paragraphs "1" through "42" as if fully set forth herein.

44. ZERO BELOW, by its failure to remit contributions for the period April 2017 to the present upon demand by the Funds, is subject to an injunction ordering it to immediately pay all of the unpaid contributions.

45. ZERO BELOW is also required to pay the full unpaid contributions, interest on the unpaid contributions from the first day of the month when they were due to the date they are received by the Funds, plus liquidated damages, audit costs, attorneys' fees and costs in accordance with Article IX, Section 3 of the Trust Agreement and Section 502(g)(2) of ERISA, 29 U.S.C. § 1132(g)(2), except that for payments due after May 1, 2013, interest is due on contributions shall be due from the date when payment was due to the date when payment was made.

## AS AND FOR A THIRD CAUSE OF ACTION
## AGAINST DEFENDANT ZERO BELOW

46. Plaintiffs repeat and reallege each and every allegation contained in paragraphs "1" through "45" as if fully set forth herein.

47. Section 301 of the LMRA, 29 U.S.C. §185(a), provides a federal cause of action for "[s]uits for violation of contracts between an employer and a labor organization."

48. By failing to pay the contributions and other amounts owing including interest on the late paid contributions, the Employer has violated the CBA and the Trust Agreement, which is incorporated into the CBA.

49. By failing to timely pay the contributions and other amounts owing, the Employer has violated the CBA and the Trust Agreement, which is incorporated into the CBA.

50. The Funds are thus entitled under the LMRA Section 301(a), as well as the CBA and the Trust Agreement, to the unpaid contributions, interest on the late paid-contributions, interest on the unpaid contributions, liquidated damages, and attorney's fees and costs.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiffs request that the Court enter judgment:

1. Ordering ZERO BELOW to submit remittance forms for the period April 2017 to the present and pay (i) unpaid contributions, (ii) interest on the unpaid contributions at the rate of 18% per annum from the date when payment was due through the date of payment, and (iii) an amount equal to the greater of (a) interest on the unpaid contributions or (b) liquidated damages of 20 percent of the unpaid contributions; and

2. Ordering ZERO BELOW to pay: (i) any unpaid contributions due and owing, including amounts that accrued during the pendency of this action; (ii) interest on the contributions at the rate of 18% per annum from the date when payment was due to the date when payment was made, through the date judgment is entered; (iii) an amount equal to the greater of (a) interest on the unpaid contributions or (b) liquidated damages of 20 percent of the unpaid contributions; and (iv) the cost of the audit; and

3. Ordering ZERO BELOW to pay the Funds their reasonable attorneys' fees and costs, in accordance with Section 502(g)(2)(D) of ERISA, 29 U.S.C. §§ 1132(g)(2)(D); Section

301 of LMRA, and Article IX, Section 3(a) of the Trust Agreement, in an amount to be determined; and

    4.    For such other and further equitable relief as this Court deems appropriate.

Dated: White Plains, New York
       February 8, 2018

                                                  Yours, etc.,

                                                  TRIVELLA & FORTE, LLP

                                                  /s/ ***Jonathan M. Bardavid***

                                                  JONATHAN M BARDAVID
                                                  *Attorneys for Plaintiffs*
                                                  1311 Mamaroneck Avenue, Suite 170
                                                  White Plains, New York 10605
                                                  Tel. No.: (914) 949-9075

To:    ZERO BELOW TRUCKING, CORP.
        68 S. Service Rd, Suite 100
        Melville, New York 11747